# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 3:17-cr-30090-MJR |
| | ) | |
| TEREZE L. FENDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

Comes now, the United States of America, by Steven D. Weinhoeft, United States Attorney for the Southern District of Illinois, and for its response to the Defendant's Objections to the Presentence Report (Doc. 84), the United States provides the following:

### Defendant's Objection:

The defendant objects to PSR ¶¶ 80-88 because those paragraphs document the fact that he has been previously arrested for, and charged with, offenses that did not result in criminal convictions.

    A. *The PSR Must Accurately Reflect Any Defendant's Criminal History*

The objection must be overruled because it ignores Fed. R. Crim. P. 32(d)(2)(A), which obligates the Probation Department to include "*any*" information pertaining to a defendant's criminal record. Certainly, the number and nature of Fenderson's prior law enforcement contacts is a part of his criminal record. And, secondly that arrest and charging information must be included in the PSR because it is relevant to the Defendant's history and characteristics. See Fed. R. Crim. P. 32(d)(2)(A) and 18 U.S.C. § 3553(a).

The Defendant does not cite a single case to support his argument that prior law enforcement contacts must be concealed from a sentencing court. And that makes sense, of course, because Congress provided that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. The only limits on what the Court may take into account are expressly enumerated: characteristics like race, national origin, and religion may not be considered at sentencing.

B. *The Defendant Alleges No Errors in the PSR*

The more proper discussion is not *whether* his personal history should be contained in the PSR, but rather *what weight* the Court should give to a prior arrest record. When the question is properly framed it becomes clear that this is a classic sentencing argument made within the context of evaluating the § 3553(a) factors, not in a PSR objection.

Fenderson's arrest record is more probative than most because it reveals an arrest for murder in 1999, and a separate conviction for involuntary manslaughter for shooting and killing a man in 2005. Despite this history, Fenderson continued to possess a firearm while dealing drugs, and he later shot and seriously injured a man who he believed was cooperating with the federal investigation against him. The Court should not ignore that history because it placed Fenderson on notice of the consequences of violent crime. Context matters.

Most notably, the Defendant's objection does not allege any errors in the PSR. This would be the only real basis for an objection because a defendant has a due process right to be sentenced on the basis of accurate information. United States v. Rollins, 544 F.3d 820, 838 (7th Cir. 2008). However, evidentiary standards are relaxed at sentencing and a sentencing court may consider any information that has a sufficient indicia of reliability to support its probable accuracy. Id. A district

court may rely on facts asserted in the PSR if the PSR is based on sufficiently reliable information, and the defendant bears the burden of proving that the PSR is inaccurate or unreliable. Id. If he offers no evidence to question the PSR's accuracy, the court may rely on the PSR. Id.

In the absence of any evidence to the contrary, the Probation Officer's assessment of the Defendant's criminal record is reliable and it belongs in the PSR.

C. *Conclusion*

Fenderson merely seeks to limit what information the Court can receive. The objection alleges no errors. As such, it is an argument more about the weight to be afforded to Fenderson's background and should be dealt with during a discussion of the applicable § 3553(a) factors.

**WHEREFORE,** premises considered, the Government prays this Honorable Court will enter an order denying the Defendant's objection to the PSR.

Respectfully submitted,

s/ Steven D. Weinhoeft

STEVEN D. WEINHOEFT
United States Attorney
Nine Executive Drive
Fairview Heights, Illinois 62208
(618) 628-3700 telephone
(618) 628-3720 facsimile
E-mail: Steven.Weinhoeft@usdoj.gov

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   CRIMINAL NO. 3:17-cr-30090-MJR |
| | ) |
| TEREZE L. FENDERSON, | ) |
| | ) |
|     Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on **February 1, 2019,** I caused to be electronically filed the GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO THE PSR with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following: Attorney Daniel Juengel

Respectfully submitted,

*s/ Steven D. Weinhoeft*

STEVEN D. WEINHOEFT
United States Attorney
Nine Executive Drive
Fairview Heights, Illinois 62208
(618) 628-3700 telephone
(618) 628-3720 facsimile
E-mail: Steven.Weinhoeft@usdoj.gov