IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Case No. 17-CR-30090-SPM |
| **TEREZE L. FENDERSON,** | |
| Defendant. | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is a Motion to Overturn Government's Confiscation of Defendant's Personal and Business Funds filed by Defendant Tereze L. Fenderson, in which he requests the Court to set aside the Government's confiscation of approximately $13,000 (Doc. 110). The Government filed its Response to Fenderson's Motion (Doc. 114). For the reasons set forth below, the motion is denied.

## BACKGROUND

In September 2017, Drug Enforcement Administration (DEA) and Alcohol, Tobacco, Firearms, and Explosives (ATF) agents served an arrest warrant for Defendant Fenderdson and conducted a consented search of Fenderson's residence (Doc. 7; Doc. 110, p. 2; Doc. 110-2, p. 2; Doc. 114, pp. 1-2). During the Search, DEA and ATF agents seized marihuana and $13,773 in United States Currency (Doc. 110, p. 2; Doc. 110-2, p. 2; Doc. 114, pp. 1-2; Doc. 114-1). The agents also took a piece of unopened mail that turned out to be a cable bill (Doc. 110, p. 2; Doc. 110-1).

On October 5, 2017, the DEA mailed a *Notice of Seizure* letter to Fenderson

(Doc. 114-1). Fenderson signed the certified mail green cards attached to the *Notice of Seizure* letter on October 12, 2017 (*Id.*). Notice of the forfeiture was also published on a government website for 30 consecutive days (*Id.*; Doc. 114, p. 2; Doc. 114-2). On January 7, 2018, the $13,773 in United States Currency was forfeited to the United States (Doc. 114-2).

In June 2018, Fenderson was charged with five Counts in a Second Superseding Indictment: Ct. 1, Felon in Possession of a Firearm; Ct. 2, Felon in Possession of a Firearm and Firearm Ammunition; Ct. 3, Attempting to Retaliate Against a Witness; Ct. 4, Discharge of a Firearm in Connection With a Crime of Violence; and Ct. 5, Discharge of a Firearm in Connection With a Drug Trafficking Crime (Doc. 45). Fenderson signed a plea agreement and was sentenced to a term of 80 months on Counts 1 and 3; 120 months on Count 4 to run consecutively; and an additional 12 months as to an enhancement under 18 U.S.C. 3147 (Docs. 65, 99).

In July 2022, the DEA sent a letter to Fenderson notifying him that the DEA possessed a piece of his mail that he could file a claim to have returned (Doc. 110-1). The letter did not mention the prior forfeited currency (*Id.*). Fenderson contends that this was the first notice he received to recover all of his seized property (Doc. 110, p. 2-3). Pursuant to the letter, Fenderson filed a claim with the DEA in September 2022 for the forfeited currency (Doc. 110-2). The DEA responded that Fenderson's claim for the currency was untimely because it was received after the claim deadline (Doc. 110-3). Fenderson then asked this Court to order the return of his seized property (Doc. 110).

## ANALYSIS

The Court disagrees that the forfeiture of Fenderson's currency denied him due process. The DEA is authorized to seize and forfeit any item of value furnished or intended to be furnished in exchange for a controlled substance, and all proceeds traceable to such an exchange. 21 U.S.C. § 881(a)(6)(b). The DEA may commence an administrative forfeiture if the value of the seized property is less than $500,000. 19 U.S.C. § 1607(a)(1)(4).

In an administrative forfeiture proceeding, the DEA must send a written notice of seizure to any party who appears to have an interest in the property and publish notice for at least three consecutive weeks. 19 U.S.C. § 1607(a). According to 18 U.S.C. § 983(a)(2), any party claiming seized property may file a claim by the deadline set by the written notice or, if the written notice is not received, within 30 days after the date of final publication. If no party submits a claim by the deadline the DEA may declare the property forfeited. 19 U.S.C. § 1609.

Fenderson contends that he should have had the right to a forfeiture hearing pursuant to 21 U.S.C. § 853 and Federal Rule of Criminal Procedure 32.2 (Doc. 110, p. 3). However, Fenderson's Motion to Overturn uses the wrong statutory and procedural vehicle to proceed. Fenderson's currency was administratively forfeited pursuant to 19 U.S.C. § 1609 (Doc. 114-2). Administrative forfeiture is a civil proceeding and thus, the Federal Rules of Criminal procedure do not apply. *See United States v. Nichols,* 564 F. App'x 851, 853 (7th Cir. 2014) (reasoning that alleging a violation of FED. R. CRIM. P. 32.2 is an improper way to set aside a civil

forfeiture and that civil forfeiture proceedings are explicitly excluded from the Federal Rules of Criminal Procedure.); *see* FED. R. CRIM. P. 1(a)(5)(B).

Fenderson next asks the Court to have his forfeiture set aside pursuant to Federal Rule of Criminal Procedure 41(g). FED. R. CRIM. P. 41(g) authorizes a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property" to move for return of that property. However, once the property has been administratively seized, FED. R. CRIM. P. 41(g)'s applicability ends. *See United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004) (holding that FED. R. CRIM. P. 41(g)'s purpose is to recover seized but not forfeited property, and thus it is not "the proper vehicle for challenging an administrative forfeiture.").

Fenderson's only path forward - which he did not claim in his Motion - is to challenge the Government's administrative forfeiture of his currency by way of 18 U.S.C. § 983(e). Congress designated a § 983(e) motion as the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute. 18 U.S.C. § 983(e)(5*); see Sims*, 376 F.3d at 707 (stating that 18 U.S.C. § 983(e) is the exclusive remedy for challenging an administrative forfeiture which was commenced on or after August 23, 2000.); *Nichols*, 564 F. App'x at 853 (7th Cir. 2014).

For Fenderson's motion to succeed, he must meet the requirements of both 18 U.S.C. § 983(e)(1)(A) and (B). *See Johnson v. United States*, 2004 WL 2538649, at *2 (S.D. Ind. Oct. 22, 2004). To satisfy 18 U.S.C § 983(e)(1)(A), Fenderson must establish that "the Government knew, or reasonably should have known, of [Fenderson's] interest and failed to take reasonable steps to provide [Fenderson] with notice." To

determine whether the DEA reasonably notified Fenderson about the seizure of his currency in the administrative forfeiture proceeding, the Court applies the due process standard of reasonableness under the circumstances. *See Dusenbery v. United States*, 534 U.S. 161, 173 (2002), citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

In this case, the Government's notice was reasonable under the circumstances. As the United States points out, the DEA mailed *Notice of Seizure* to Fenderson via certified mail, which he signed and returned (Doc 114-1). "Written notice of forfeiture by certified mail to the claimant's residence satisfies due process, even if the claimant does not receive actual notice." *Krecioch v. United States*, 221 F.3d 976, 981 (7th Cir. 2000); *Lobzun v. United States*, 422 F.3d 503, 507 (7th Cir. 2005).

Fenderson claims that he was "kept in the dark, (by law enforcement agencies) about the right and possibility of recovering the confiscated funds" (Doc. 110, p. 3). And that he heard "absolutly [sic] nothing in regards to any notice for him to retrieve" the seized currency (*Id.* at p. 2). However, the *Notice of Seizure* and certified mail slip support the United States' position that Fenderson was not kept in the dark. (Doc 114 p. 2; Doc 114-1). Additionally, the forfeiture was also published on an official internet government forfeiture site (www.forfeiture.gov) (Doc 114 p. 2; Doc 114-2). *See* 28 C.F.R. § 8.9. Taking these two forms of notice together the Court agrees that the DEA provided Fenderson with reasonable notice of the forfeiture pursuant to 18 U.S.C. § 983(e)(1)(A).

Assuming, for argument's sake, that the DEA's written and published notices

were unsatisfactory, the Court must determine whether "[Fenderson] did not know or have reason to know of the seizure within sufficient time to file a timely claim." 18 U.S.C § 983(e)(1)(B).

The Seventh Circuit has not yet addressed what type of knowledge is sufficient to satisfy 18 U.S.C. § 983(e)(1)(B). However, a district court in this Circuit reasoned that 18 U.S.C. § 983(e)(1)(B) pertains to the knowledge of the seizure itself, not knowledge of agencies in possession of the property after the seizure. *See Johnson*, 2004 WL 2538649, at *4-5 (Oct. 22, 2004) (finding that because the movant was present during the seizure, the movant failed to satisfy 18 U.S.C. § 983(e)(1)(B); *see Perkins v. Jordan*, 2018 WL 2722875, at *4 (S.D. Ind. June 6, 2018).

Other courts across the country have also taken this position. *See United States v. Russell,* 2006 WL 2786883, at *3 (M.D. Ala. Sept. 27, 2006) (finding that the movant failed to satisfy 18 U.S.C. § 983(e)(1)(B) because he knew of the seizure on the date it occurred when currency was seized from him at the time of his arrest); *see United States v. Baez*, 464 F. App'x 623, 623 (9th Cir. 2011); *see also Van Horn v. D.E.A.*, 677 F. Supp. 2d 1299, 1311 (M.D. Fla. 2009) (reasoning that the defendant had not satisfied 18 U.S.C. § 983(e)(1)(B) because the defendant had "actual knowledge of the DEA's participation and actual knowledge of the seizure of the currency by law enforcement.").

However, not all courts agree with this approach. A minority of courts have held that knowledge of the seizure must be agency-specific. *See Bermudez v. City of N.Y. Police Dep't*, 2008 WL 3397919, at *6 (S.D.N.Y. Aug. 11, 2008) (holding that the

movant satisfied 18 U.S.C. § 983(e)(1)(B) because although the movant knew that his currency was seized by the NYPD, he had no reason to believe that his money had been seized by the federal government). Under this approach, courts look to whether a movant knew or should have known of the seizure and the seizing agency for purposes of filing a timely claim. *See United States v. Hill*, 2014 WL 971748, at *5 (D. Vt. Mar. 12, 2014).

The Court agrees with the United States that even under the more stringent standard that some Circuits have adopted, Fenderson has not satisfied 18 U.S.C. § 983(e)(1)(B) (Doc. 114, p. 6). Fenderson knew of the seizure because he was arrested at his residence on the same day the federal arrest warrant was executed and his currency was seized (Doc. 7; Doc. 110, p. 2; Doc. 114, pp. 1-2; Doc. 114-1). Fenderson himself corroborates this as he notes that at the time of his arrest, approximately $13,000.00 in currency was taken by law enforcement (Doc. 110, p. 2; Doc. 110-2, p. 2). Additionally, the DEA notified Fenderson of the seizure days later - explaining which law enforcement agency took possession of his currency and where and when to file a claim to contest the seizure (Doc. 114-1).

Finally, *Notice of Seizure* was mailed to Fenderson on October 5, 2017 (Doc. 114-1). Fenderson had until November 9, 2017, to file a claim to contest the forfeiture and failed to do so (*Id.*). Fenderson knew of the seizure within sufficient time to file a claim to the currency, thus he cannot prevail under 18 U.S.C. § 983(e)(1)(B).

## CONCLUSION

The Court will not overturn the Government's confiscation of Defendant Tereze

L. Fenderson's currency because Fenderson cannot satisfy either element of 18 U.S.C. § 983(e)(1). Accordingly, Fenderson's Motion to Overturn (Doc. 110) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: February 10, 2023**

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
