## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 17-CR-30090-SPM** |
| **TEREZE L. FENDERSON,** | |
| **Defendant.** | |

## <u>MEMORANDUM AND ORDER</u>

**McGLYNN, District Judge:**

Pending before the Court is a *pro se* Motion for Compassionate Release (Doc. 148) pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) filed by Defendant Tereze L. Fenderson. The Government filed a Response opposing the Motion (Doc. 159), and Fenderson filed a Reply (Doc. 161). For the reasons set forth below, the Motion is **DENIED**.

### FACTUAL AND PROCEDURAL BACKGROUND

In October 2018, Fenderson pled guilty to being a felon in possession of a firearm (Count I), attempted retaliation against a witness (Count III), and discharging a firearm during and in relation to a crime of violence (Count IV). (Docs. 45, 64). In March 2019, the Court (Reagan, J.) sentenced Fenderson to 80 months' imprisonment on Counts I and III, to be served concurrently, and 120 months' imprisonment on Count IV, to be served consecutively to Counts I and III. (Docs. 99, 101). The Court also imposed a consecutive 12 months' imprisonment pursuant to the sentencing enhancement under 18 U.S.C. § 3147, for a total sentence of 212 months'

imprisonment, followed by 5 years of supervised release.[1] (*Id.*). He is currently incarcerated at Federal Correctional Institution ("FCI") Yazoo City Low II with a projected release date of August 5, 2033. *See Find an Inmate*, Fed. Bureau of Prison, https://www.bop.gov/inmateloc/ (last visited June 9, 2026) (search BOP Register Number 13802-025 in "Find by Number"). Fenderson unsuccessfully moved for compassionate release on February 12, 2023, and for a sentence reduction on January 26, 2024. (Docs. 116, 124, 130, 133, 147).

On September 22, 2025, Fenderson filed the instant motion, seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 148). In support of his Motion, Fenderson states that "due to medical issues . . . he will need specialized treatment for the rest of his life." (*Id.*, p. 1). He also cites denial of his FSA time credits, family circumstances, unusually harsh prison conditions, U.S.S.G. §§ 1B1.13(b)(5), and rehabilitation. *(Id.*, p. 1–2). The government opposes the Defendant's Motion, arguing that Fenderson did not demonstrate extraordinary and compelling reasons to justify compassionate release. (Doc. 161).

## APPLICABLE LAW

Prior to the passage of the First Step Act, a defendant seeking compassionate release first had to request it from the Director of the Bureau of Prisons ("BOP"). *See* 18 U.S.C. § 3582(c)(1)(A) (2018). The First Step Act of 2018 modified that provision to allow incarcerated defendants to seek compassionate release from a court, on their own motion, after exhausting administrative rights to appeal a failure of the BOP to

---

[1] Fenderson was also fined $750, ordered to pay $8,926 in restitution, and ordered to pay a $300 special assessment.

bring a motion on their behalf, or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. *See id.*

After such a motion is filed, either by the director of the BOP or by a defendant, the Court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent they are applicable upon a finding that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[2] 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statements establish that the Court may consider: (1) the medical circumstances of the defendant; (2) the age of the defendant (over 65); (3) family circumstances of the defendant; (4) the defendant is a victim of physical or sexual abuse while in custody; and (5) other reasons. Sentencing Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2023) (hereinafter "Sent'g guidelines"). Other reasons include "any other circumstances or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." *Id.* There is also a sixth category for defendants who have served unusually long sentences. *Id.* If an inmate can show that one of the eligibility criteria is applicable, a court may reduce a sentence if doing so would be appropriate under the statutory sentencing factors described in 18 U.S.C. § 3553(a). *Id.* § 1B1.13(a) (citing 18 U.S.C. § 3553(a)). Finally, a court must determine

---

[2] The applicable policy statement can be found at § 1B1.13 of the United States Sentencing Guidelines Manual (U.S. Sent'g Comm'n 2023).

that the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g) and that the reduction "is consistent with this policy statement." *Id.* § 1B1.13(a)(2)–(3).

The Seventh Circuit Court of Appeals has held that "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). District courts have broad discretion in determining whether the movant established "extraordinary and compelling reasons" under the statute. *See United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020).

## ANALYSIS

### I.    APPOINTMENT OF COUNSEL

Fenderson requested that the Court appoint counsel, arguing that an appointed federal public defender will be able to obtain necessary medical records and other records which support Fenderson's Motion. (Doc. 148, pp. 5–6). District courts have discretion to appoint counsel for prisoners seeking post-judgment relief, but prisoners possess no entitlement to appointed counsel, including in proceedings under 18 U.S.C. § 3582(c). *See United States v. Blake*, 986 F.3d 756, 758 (7th Cir. 2021). Here, the government provided recent medical records detailing Fenderson's condition. (*See* Doc. 159, Exs. A and B). Further, this Court does not believe the legal issues in this case to be sufficiently complex to warrant the appointment of counsel and that Fenderson has proven competent to represent himself. *See United States v. Scott*, 850 Fed. Appx. 449, 452 (7th Cir. 2021) (district court did not abuse its discretion when denying appointment of counsel where there were no complex

legal issues raised on a motion for compassionate release). Accordingly, this Court denies Fenderson's request for appointment of counsel.

## II.    EXTRAORDINARY AND COMPELLING REASONS

Fenderson bears the burden of establishing that extraordinary and compelling reasons warrant a reduction in his sentence. *See Newton*, 996 F.3d 485, 488 (7th Cir. 2021). He has not met that burden here.

Fenderson principally argues that his medical conditions constitute extraordinary and compelling reasons for compassionate release. He asserts that the BOP is unable to adequately manage his chronic kidney disease, asthma, sleep apnea requiring use of a CPAP machine, and various dental conditions, placing him at heightened risk of serious deterioration in health. (Doc. 148, pp. 8–12). Section 1B1.13(b)(1)(C) applies only where a defendant requires long-term or specialized medical care that is not being provided and, without which, the defendant faces a serious risk of deterioration or death. *See* U.S.S.G. § 1B1.13(b)(1)(C).

The record does not support that conclusion. The government has provided medical records showing that the BOP is actively monitoring and treating Fenderson's conditions. (*See* Doc. 159, Exs. A and B). He receives routine monitoring for stage-three chronic kidney disease, has access to prescribed medications, uses an inhaler for asthma, and has been issued a CPAP machine for sleep apnea. (*Id.*). Although chronic kidney disease is a serious diagnosis, Fenderson's condition is neither terminal nor rapidly progressing, and well-managed chronic conditions do not constitute extraordinary and compelling reasons for release. *See United States v.*

*Staake*, No. 17-30063, 2024 WL 4182915, at *3 (C.D. Ill. Sept. 13, 2024); *United States v. White*, No. 20-32, 2023 WL 3072821, at *3 (E.D. La. Apr. 25, 2023).

Beyond his medical claims, Fenderson invokes the "other reasons" provision of section 1B1.13(b)(5), arguing primarily that the "sheer length" of his sentence warrants relief. (Doc. 148, pp. 13–15). The Court is unpersuaded. Under the statute, if a defendant identifies a reason that is similar in gravity to the circumstances laid out in 1B1.13(b)(1)–(4), compassionate release may be warranted. Compassionate release, however, is not a vehicle for resentencing, nor does it permit a court to revisit sentencing determinations simply because a defendant believes the sentence is excessive. *See Rutherford v. United States*, Nos. 24–820 and 24–860, 2026 WL 1485535, at *10 (U.S. May 28, 2026). In this regard, the Court agrees with the Ninth Circuit's reasoning that the circumstances identified in sections 1B1.13(b)(1)–(4) are best understood as conditions that arise after sentencing, rather than factors known or foreseeable at the time sentence was imposed. *See United States v. Bryant*, No. 24-3093, 2025 WL 2026172, at *5 (9th Cir. 2025). Nothing Fenderson identifies under the "other reasons" provision rises to a level similar in gravity to the enumerated categories, nor has there been a change in the law post-sentencing that would qualify as a condition arising after sentencing. His sentence was lawfully imposed under the advisory Guidelines and reflected the seriousness of the offense conduct. Nor does section 1B1.13(b)(6) apply; Fenderson has not served 10 years of his sentence, and he has identified no intervening change in the law that would create a gross sentencing disparity if he were sentenced today.

As for Fenderson's remaining arguments, including his claims regarding First Step Act time credits, family circumstances, harsh conditions of confinement, and rehabilitation, the Court concludes that none provides a basis for relief. That Fenderson committed a crime that makes him ineligible for First Step Act time credits is not a basis for compassionate relief because it is not unusual—it puts him in the same place as all others convicted of the same offense. *See Rutherford v. United States*, 146 S. Ct. 1320, 1330 (2026) ("'extraordinary and compelling' reasons for compassionate release are those that are especially unusual and convincing."). His asserted family circumstances do not satisfy the policy statement's requirements because he has not shown that any family member is incapacitated or that he is the only available caregiver. *See United States v. Romano*, 707 F. Supp. 3d 233, 237–238 (E.D.N.Y. 2023). Complaints about conditions of confinement likewise fall outside the scope of section 3582(c)(1)(A). *See United States v. Ramirez*, No. 08-cr-746-15, 2023 WL 2078442, at *2 (N.D. Ill. Feb. 17, 2023).

Finally, although the Court has read the glowing letters written in support of Fenderson and does not discount Fenderson's expressions of remorse or his efforts toward rehabilitation, rehabilitation alone cannot constitute an extraordinary and compelling reason for release. *See* 28 U.S.C. § 994(t). Because the Court is not persuaded by Fenderson's other arguments, they too do not rise to the level of extraordinary and compelling reasons. Fenderson has not demonstrated extraordinary and compelling reasons warranting a reduction in his sentence and therefore release is not appropriate at this time.

### III.    18 U.S.C. § 3553(A) FACTORS

Even if extraordinary and compelling reasons existed, the Court may deny relief if the § 3553(a) factors do not support a sentence reduction. See *United States v. Suarez*, No. 20-CR-03570-BAS-1, 2023 WL 7713580, at *4 (S.D. Cal. Nov. 15, 2023).

Those factors include: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and otherwise accomplish the aims of the criminal justice system; (3) the kinds of sentences available; (4) the advisory Guidelines range; (5) pertinent policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to victims." *Romano*, 707 F. Supp. 3d at 235.

This Court agrees with the government's argument that Fenderson's offense conduct and criminal history weigh heavily against release. (Doc. 159, pp. 22–23). At age 25, Fenderson pleaded guilty to involuntary manslaughter after shooting an individual in the neck and was returned to custody shortly after being paroled. (Doc. 97, ¶ 70). He later pled guilty to unlawful possession with intent to deliver cannabis and a probation violation. (*Id.*, ¶ 74). His arrest history includes aggravated assault involving a firearm other drug and violent offenses. (*Id.*, ¶¶ 81, 83). The Court also considers the nature of the instant offenses, including felon in possession of a firearm, attempted retaliation against a witness, and discharging a firearm during a crime of violence, which underscore the danger he poses to the community. Additionally, Fenderson has had multiple disciplinary infractions during his incarceration. (Doc. 159, Ex. C).

Despite Fenderson's assertions of rehabilitation, this Court remains concerned about recidivism. The BOP has determined that he is a medium risk to recidivate. (*See* Doc. 159, Ex. D). The Court noted that "given the criminal history he has, he is likely to recidivate." (Doc. 106, p. 34). This Court weighed these same considerations in denying Fenderson's prior motions and does so again here. Given the substantial portion of the sentence that remains, the seriousness of the offense, and the need to protect the public from further crimes of the defendant, 18 U.S.C. § 3553(a)(2)(C), the section 3553(a) factors do not support a sentence reduction.

For the reasons set forth herein, Tereze L. Fenderson's Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

**DATED: June 12, 2026**

**STEPHEN P. McGLYNN**
**U.S. District Judge**